IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAIKH ENTERPRISES, INC. d/b/a Z S FOOD MART (A/K/A NAGHMA B. SHAIKH & BASHIR SHAIKH), | § § § § § | |
| Plaintiff | § § | |
| VS. | § | CIVIL ACTION NO. 4:20-cv-03411 |
| UNITED STATES OF AMERICA | § § § | |
| Defendant | § | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Shaikh Enterprises, Inc. d/b/a Z S Food Mart (a/k/a Naghma B. Shaikh & Bashir Shaikh) ("Z S Food Mart"), respectfully requests that this Court deny Defendant's motion for summary judgment. Z S Food Mart contends that there are genuine issues of fact that should be litigated and decided upon by this Court:

## STATEMENT OF THE CASE

This is an action seeking judicial review pursuant to 7 C.F.R. § 279.7, 7 C.F.R. 279.10(d) and 7 U.S.C. §2023 of a decision (the "Decision") from the Supplemental Nutrition Assistance Program ("SNAP") imposed by the Food and Nutrition Services ("FNS") permanently disqualifying Plaintiff from participating in the food stamp program based on minor violations of one of Plaintiff's employees.

## EVIDENCE

In its Motion for Summary Judgment, Defendant filed thirteen exhibits which are a complete copy of the administrative record. Plaintiff adopts those exhibits and incorporates them

into this response as if they had been filed as exhibits to this document. However, for purposes of brevity, Plaintiff has only filed those exhibits from which its arguments are based.

## STATEMENT OF FACTS

1. Plaintiff has operated at its current address for approximately 2003. On January 31, 2019, Plaintiff was authorized to participate in the SNAP program (A.R. 320).

2. On June 12, 2020, Plaintiff received a charge letter from Sanela Ocanovic, Section Chief, Retailer Operations Division, USDA, Food and Nutrition Service, Supplemental Nutrition Assistance Program. That letter stated that Plaintiff violated SNAP Regulations based on an analysis of EBT transactions (A.R. 273-280). The charges were divided into two categories: (1) it was alleged that multiple transactions were made from individual accounts in a short time frames (A.R. 279 and 276-278) and (2) there were transactions that were alleged to be "excessively large" from individual benefit accounts (A.R. 273 and 279-280).

3. Pursuant to SNAP regulations, Plaintiff timely responded to the charge letter on June 22, 2020 (A.R. 283-292). Plaintiff pointed out that there were no prior allegations of violations and sought a civil penalty in lieu of disqualification. On July 6, 2020, Defendant found the violations did occur and imposed a sanction of permanent disqualification (A.R. 297-298).

4. Pursuant to SNAP regulations, Plaintiff timely requested administrative review of the administrative decision wrongfully permanently disqualifying the Plaintiff from participation in SNAP, and of the administrative decision finding Plaintiff not eligible to pay a civil money penalty in lieu of the disqualification. Subsequently, Defendant accepted Plaintiff's request for administrative review (A.R. 301-305).

5. On August 17, 2020, Plaintiff submitted additional documentation to support its contention that it was wrongfully permanently disqualified from SNAP and again requested the opportunity to pay a CMP (A.R. 308-314).

6. Defendant disagreed with Plaintiff and issued the Final Agency Decision on September 2, 2020, which found there was evidence to support Plaintiff's permanent disqualification and upheld the sanction.

## **STANDARD OF REVIEW**

7. Summary judgment under Rule 56 is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A dispute over a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48(1986). A fact is "material" only if the disputed fact "might affect the outcome of the suit under the governing law." *Id* at 248. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.*

8. Administrative actions that determine eligibility to participate in the food stamp program are subject to *de novo* review in federal district court. 7 U.S.C.A. § 2023(a); *Ramirez v. Secretary of Agric.*, 712 F.2d 150, 151 (5th Cir.1983) (six month disqualification affirmed on summary judgment); *Khan v. United States*, Civil Action No. H–05–0947, 2006 WL 3147331, at *1 (S.D.Tex. Oct.31, 2006) (permanent disqualification affirmed on summary judgment); *Abdelkhalik v. United States*, No. 94 C 5809, 1996 WL 41234, at *2 (N.D.Ill. Jan.30, 1996) (permanent disqualification affirmed on summary judgment). The plaintiff bears the burden of showing by a preponderance of the evidence that the violations alleged by FNS did not occur.

*Khan*, 2006 WL 3147331, at *1; *Abdelkhalik*, 1996 WL 41234, at *2. If the Plaintiff fails to meet its burden, then the court should set aside the sanction only if it is "arbitrary and capricious." *Id*. A decision is arbitrary and capricious if it is "unwarranted in law" or "without justification in fact." *Id.*

## SUMMARY OF THE ARGUMENT

9. The Administrative Record itself demonstrates that there are material issues of fact in this case and that Defendant is not entitled to summary judgment as a matter of law.

10. The Administrative Record shows that Defendant's finding that Plaintiff was engaged in trafficking was based upon a flawed and incomplete investigation. As such, genuine issues of material fact exist as to whether the alleged trafficking occurred.

## LAW AND ARGUMENT

### A. The Finding that Plaintiff engaged in trafficking is improper.

11. As part of the investigation into the EBT transactions at Plaintiff's store, Defendant conducted and "Individual Household Analysis" (A.R. 266-272). As part of that analysis, three households were identified, and their transactions were reviewed. It was determined that based upon the transactions reviewed, trafficking occurred. As set forth below, the analysis is flawed, and questions abound as to whether the analysis is even correct.

12. The first household reviewed was Household **4166. (A.R. 268-269). The investigator deemed the household's visits suspicious and asks in the notes, "Therefore why would they be making repeated visits to the subject store within days from a visit to a large supermarket or superstore?" (A.R. 268). While the suspicion may be there, a review of the visit pattern is warranted. The graphic listing out Household **4166's visits ranges from November 12, 2019 – February 22, 2020 (A.R. 268). During that time period, Household **4166 made

several visits to large supermarkets or superstores (listed as "SS" or "SM" in the graphic) within days of a visit to a supermarket or superstore. For example, On November, 13, 2019, a visit was made to a "SS" at 04:41:54 PM. Interestingly, a visit was made the following day, November 14, 2019, to a "SM" at 05:56:06 PM. (A.R. 268) However, this is not deemed suspicious by the investigator. A further review of the graphic shows that this household commonly makes visits to stores in three or four day groupings and then makes no further store visits for the rest of the month. See for example purchases made from 11/12/2019 – 11/14/2019 and then nothing until 12/12/2019 – 12/17/2019 (A.R. 268). The pattern repeats throughout the graphic. Based upon the visit history of this household, it is arguably more likely that this is how the household prefers to shop.

13. Household **0548 was the second household reviewed by Defendant. The transactions reviewed were deemed suspicious based on the dollar value and left the investigator asking, "… what are they purchasing at the store?" (A.R. 269). A review of the graphic shows that the transactions at Plaintiff's store are a fraction of what the family purchased at a supermarket. (A.R. 269). Moreover, it is irrelevant that the most expensive item offered was believed to be under $10.00. Several of the purchases at Plaintiff's store are under $25.00 (A.R. 269). The most expensive purchase was for $53.47. If the household bought multiple items ranging from $5.00 - $9.00, these numbers are easily achievable and not suspicious.

14. Household **9164's purchases were deemed suspicious as well. It is noted that Household **9164 had access to a "well stocked" supermarket that was "not too far away" during the review period (A.R. 272). However, the investigator seems perplexed as to why they are shopping at Plaintiff's store and questions what they were buying (A.R. 272). The answer

could be as simple as lack of transportation. What the investigator deems as "not too far away" may be viewed by the household quite differently.

15. Interestingly, the Individual Household Analysis raises questions about Defendant's conclusions that Plaintiff engaged in trafficking because of allegedly "excessively large transactions". Household **0548 had purchases as a supermarket listed as $123.86 and $129.00 (A.R. 269). These purchases are far larger than any made at Plaintiff's store. This raises the fact issue of whether the transactions made at Plaintiff's store are "excessively large".

16. A finding of trafficking was based in part of the review of the household purchases. However, there is no evidence that this really was trafficking. Equal and even more likely explanations ranging from shopping patterns, purchase history, and transportation availability could easily be the cause. Fact issues abound here and should be litigated by this Court.

## CONCLUSION

Plaintiff has demonstrated that issues of genuine material fact exist for trial and that the As such, Plaintiff respectfully requests that the Court deny Defendant's Motion and continue with the trial setting.

Respectfully submitted,

/s/ Clyde Burleson

---

Clyde Burleson
Attorney-in-charge
SBN: 00796278
SDID: 754365
clyde@cleartxlp.com
Clyde W. Burleson, P.C.
1533 W. Alabama, Ste. 100
Houston, Texas 77006
Telephone: (713) 526-2226
Facsimile: (713) 526-3787

**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that on December 31, 2021, I served a copy of this response with proposed Order to the following via the CM/ECF system:

Chad Cowan
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9597
*Attorney for Defendant*