United States District Court
Southern District of Texas
**ENTERED**
March 01, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHAIKH ENTERPRISES, INC. d/b/a Z S FOOD MART (a/k/a NAGHMA B. SHAIKH & BASHIR SHAIKH), § § § § § § Plaintiff, § § v. § § UNITED STATES OF AMERICA, § § Defendant. § | Civil Action No. H-20-3411 |

ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Document No. 14). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

I. BACKGROUND

This case involves the appeal of a decision made by the Food and Nutrition Service (the "FNS") to permanently disqualify Plaintiff Shaikh Enterprises, Inc. d/b/a ZS Food Mart ("ZS Food Mart") from participating in the Supplemental Nutrition Assistance Program ("SNAP"). On January 31, 2019, ZS Food Mart was authorized to participate in SNAP and was classified as a convenience store. On September 28, 2019, a contractor for the FNS, a department within the United States Department of Agriculture which is a department within Defendant United States of

America (the "Government"), conducted an inspection of ZS Food Mart's layout and inventory, and an investigation into ZS Food Mart's SNAP transactions ensued. On June 12, 2020, the FNS sent ZS Food Mart a charge letter stating it violated SNAP regulations based on Electronic Benefits Transfer ("EBT") transactions showing patterns of unusual SNAP activity between November 2109 and April 2020 indicative of SNAP benefits trafficking. On June 22, 2020, ZS Food Mart replied seeking a civil money penalty ("CMP") in lieu of permanent disqualification. On July 6, 2020, the FNS found the violations stated in the June 12 charge letter occurred and imposed a permanent disqualification from SNAP. The FNS also found ZS Food Mart was ineligible for a CMP because it failed to submit sufficient evidence demonstrating it established and implemented an effective compliance policy to prevent SNAP violations. On July 17, 2020, ZS Food Mart requested administrative review of the FNS's decision to permanently disqualify ZS Food Mart from participating in SNAP. On July 27, 2020, that request was granted and ZS Food Mart was notified it could submit additional evidence for consideration. On August 17, 2020, ZS Food Mart submitted additional evidence and again sought a CMP instead of permanent disqualification. On September 2, 2020, the FNS issued the Final Agency Decision (the "Decision"), upholding the permanent disqualification.

Based on the foregoing, on October 2, 2020, ZS Food Mart filed this suit seeking: (1) an administrative stay of ZS Food Mart's permanent disqualification;

and (2) judicial review of the Decision under 7 U.S.C. § 2023. On November 30, 2021, the Government moved for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot

be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III. LAW & ANALYSIS

The Government contends it is entitled to summary judgment because: (1) the Decision's finding ZS Food Mart trafficked SNAP benefits was proper; and (2) the ZS Food Mart's permanent disqualification was not arbitrary and capricious. ZS Food Mart contends there are material issues of fact as to whether ZS Food Mart trafficked SNAP benefits, preventing summary judgment.

Following the final decision by the FNS, a food retailer may seek judicial review under 7 U.S.C. § 2023(a)(13). The district court's review is a trial de novo, where the Court "shall determine the validity of the questioned administrative action

in issue." 7 U.S.C. § 2023(a)(15); *Jerusalem Halal Meats, Inc. v. United States*, 821 F. App'x 299, 301 (5th Cir. 2020) (per curiam). On de novo review under § 2023, a plaintiff "may offer any relevant evidence available to support [its] case, whether or not it has been previously submitted to the agency, and the agency itself may offer any evidence available to support it action, whether or not in the administrative record." *Redmond v. United States*, 507 F.2d 1007, 1011–12 (5th Cir. 1975). "The agency decisions stands unless [the plaintiff] proves the invalidity of the administrative action by a preponderance of the evidence." *Jerusalem Halal Meats*, 821 F. App'x at 301 (citing *Redmond*, 507 F.2d at 1011–12).

While a court evaluates validity of the violation determination under a de novo review, it can only set aside a final penalty decision if the decision is arbitrary and capricious. *See Jerusalem Halal Meats, Inc. v. United States*, Civil Action H-17-1423, 2019 WL 1026302, at *4 (S.D. Tex. Feb. 7, 2019) (Bray, M.J.), *adopted by* 2019 WL 1026302 (S.D. Tex. March 4, 2019) (Hughes, J.), *affirmed by* 821 F. App'x 299, 301 (5th Cir. 2020) (per curiam). A sanction is arbitrary and capricious "if it is unwarranted in law or without justification in fact." *Goodman v. United States*, 518 F.2d 505, 509 (5th Cir. 1975).

A.  *SNAP Benefit Trafficking*

The Government contends the Decision's finding ZS Food Mart trafficked SNAP benefits was proper because the FNS's investigation of ZS Food Mart showed

clear discrepancies with its SNAP EBT transactions indicative of SNAP benefit trafficking. ZS Food Mart contends the investigation was flawed and therefore the finding of trafficking was improper.

According to the FNS's investigation of ZS Food Mart, the FNS's found a pattern of SNAP transactions indicating a high likelihood of SNAP benefit trafficking. Here, "trafficking" is defined as "[t]he buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits . . . for cash or consideration other than eligible food . . . ." 4 C.F.R. § 271.2. The FNS analyzed SNAP EBT transaction data for the period between November 2019 and April 2020.[1] The FNS compared ZS Food Mart's "food stock, counter size space, the cash register set up, eligible food items sold[,] and the store layout" to the SNAP EBT transactions within that timeframe.[2] For instance, the investigation report notes twenty-one suspicious sets of transactions completed by seventeen different households which were indicative of trafficking.[3] These transactions were suspicious because they showed multiple transactions occurring within a short amount of time by the same household.[4] The

---

[1] *Defendant United States of America's Motion for Summary Judgment*, Document No. 14-9 at 255 (*Administrative Record*) [hereinafter *Administrative Record*].

[2] *Administrative Record*, *supra* note 1, at 262.

[3] *Administrative Record*, *supra* note 1, at 262.

[4] *Administrative Record*, *supra* note 1, at 262.

SNAP transaction data also shows a significant number of high dollar transactions not supported by the store's food stock, which is limited in both variety and amount.[5] The investigation further showed ZS Food Mart had "higher transaction amounts in almost all transactions ranging from $30 to $89.99" when compared to other convenience stores in Harris County, Texas during the review period, which is an indication of SNAP benefits trafficking.[6] Ultimately, the investigation found "during the period [November 2019 to April 2020], [the FNS] established clear and repetitive patterns of unusual, irregular, and inexplicable SNAP activity, which would warrant the issuance of a trafficking charge letter."[7] On June 12, 2020, the FNS sent a letter to ZS Food Mart charging it with violating § 278.6(e)(1) of SNAP regulations, and the sanction for its trafficking would be permanent disqualification from participation in SNAP.[8]

On June 22, 2020, ZS Food Mart, through counsel, responded to the FNS's June 12, 2020 letter. Critically, ZS Food Mart did not deny the trafficking allegations or otherwise provide evidence the allegations were false. Rather, ZS Food Mart requested a CMP in lieu of permanent disqualification from participating in the

---

[5] *Administrative Record*, *supra* note 1, at 263.

[6] *Administrative Record*, *supra* note 1, at 266.

[7] *Administrative Record*, *supra* note 1, at 272.

[8] *Administrative Record*, *supra* note 1, at 273.

SNAP program.[9] Further, in its response to the Government's motion for summary judgment, ZS Food Mart does not provide any new evidence which shows the trafficking allegations are false. Instead, it makes the conclusory assertion a genuine issue of material fact exists. Such conclusory statements are not competent summary judgment evidence. *Turner*, 476 F.3d at 343. Therefore, based on the investigation conducted by the FNS, the Court finds the FNS's finding ZS Food Mart trafficked in SNAP benefits was proper. The Court now turns to whether the Decision ordering permanent disqualification, rather than a CMP, was arbitrary and capricious.

B.   *Arbitrary and Capricious*

The Government contends ZS Food Mart's permanent disqualification was not arbitrary and capricious because ZS Food Mart failed to produce documentary evidence of its compliance policy and prevention program. ZS Food Mart contends it did produce the evidence necessary to show its trafficking prevention efforts and thus the Decision to permanently disqualify ZS Food Mart was arbitrary and capricious.

A sanction is arbitrary and capricious "if it is unwarranted in law or without justification in fact." *Goodman*, 518 F.2d at 509. The FNS may disqualify a retail food store and/or assess a CMP as a sanction for trafficking in SNAP benefits. 7

---

[9] *Administrative Record*, *supra* note 1, at 283–85.

U.S.C. § 2021(a)(1); 7 C.F.R. § 278.6(a). A disqualified retail food store may apply for a CMP in lieu of disqualification within ten days of receipt of the charge letter informing the retail food store of its violation and disqualification. 7 C.F.R. § 278.6(b). Within ten days of the charge letter, the disqualified retail food store must submit "substantial evidence with demonstrates that the [retail food store] has established and implemented an effective compliance policy and program to prevent violations of the Program." *Id.* § 278.6(i). Such evidence includes "written and dated statements of firm policy which reflect a commitment to ensure that the firm is operated in a manner consistent with [current regulations]." *Id.* § 278.6(i)(1). The FNS may also consider documentation reflecting the development and operation of policies and procedures designed to prevent and correct any violations of these regulations. *Id.* at § 278.6(i)(1)(i)–(iii).

In its response to the FNS's June 12, 2020 letter charging ZS Food Mart with trafficking SNAP benefits, ZS Food Mart does not dispute or otherwise rebut the trafficking allegations.[10] Instead, ZS Food Mart requested a CMP based on the fact new employees were required to be trained on proper SNAP benefit usage and the store's obligations under the SNAP program before beginning their first shifts.[11] In

---

[10] *Administrative Record*, *supra* note 1, at 283–85.

[11] *Administrative Record*, *supra* note 1, at 284.

9

support of this, on July 17, 2020, ZS Food Mart supplied an affidavit from one of its owners, Bashir A. Shaikh, which avers "[a]ll facts contained within the foregoing document are within my personal knowledge and are true and correct."[12] On August 17, 2020, ZS Food Mart submitted additional information in support of its request for a CMP, including pictures of SNAP transaction receipts pulled from its cash register.[13] The FNS found these documents to be insufficient to support a request for a CMP under SNAP regulations.

Based on the lack of supporting documenting, the Government contends the decision to disqualify ZS Food Mart was not arbitrary and capricious and ZS Food Mart failed to meet its burden of showing otherwise. In its response to the motion for summary judgment, ZS Food Mart's does not respond to the Government's argument the disqualification was not arbitrary capricious or otherwise provide new evidence supporting its claims it had a prevention policy in place at the time of the violations. Rather, ZS Food Mart rests on its documents submitted during the administrative review process and focused its argument on disputing whether the trafficking finding was proper. Because ZS Food Mart failed to produce evidence of a prevention and compliance program as required under SANP regulations, the Court

---

[12] *Administrative Record*, *supra* note 1, at 286.

[13] *Administrative Record*, *supra* note 1, at 308–14.

finds ZS Food Mart failed to meet its burden to show its permanent disqualification from SNAP participation was arbitrary and capricious. Therefore, the Court finds summary judgment is proper. Accordingly, the Government's motion for summary judgment is granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant United States of America's Motion for Summary Judgment (Document No. 14) is **GRANTED**.

**THIS IS A FINAL JUDGMENT.**

Signed on March 1, 2022, at Houston, Texas.

_____
David Hittner
United States District Judge